■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNDIRA BROWN, Appellant. [795 NYS2d 524]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered July 24, 2003, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to concurrent terms of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

The court properly exercised its discretion in admitting brief and limited testimony from the arresting officer as to the roles of participants in some types of street-level drug transactions, in order to provide a possible explanation for the absence of drugs or money in defendant's possession at the time of her arrest. There was sufficient evidence of defendant's interaction with possible accomplices to provide a factual basis for such testimony, even though the officer may not have been able to see subtle hand movements by defendant and these persons from his vantage point (*see People v Smith*, 2 NY3d 8, 12 [2004]; *People v Brown*, 97 NY2d 500, 505-506 [2002]).

The isolated remark in the prosecutor's summation that defendant challenges on appeal did not deprive her of a fair trial. The court immediately delivered a balanced curative instruction that was sufficient to prevent any prejudice. Were we to find any error, we would find it to be harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.